```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
HENRY FERREYRA, JEFFERSON DENIZARD,
ANGEL PERDOMO PERDOMO, ROLANDO
OSHANE VILLIERS, REMIGIO TAPIA VILCHIS,

                               Petitioners,
           -against-

THOMAS DECKER, in his official capacity as Director
of the New York Field Office of U.S. Immigration and
Customs Enforcement,

                               Respondent.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/7/2020

20 Civ. 3170 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On April 21, 2020, Petitioner, Rolando Oshane Villiers, along with others, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, requesting release from the custody of Immigration and Customs Enforcement ("ICE") because the COVID-19 public health crisis posed a serious risk to his health in immigration detention. Petition ¶¶ 6–9, ECF No. 1. After holding a telephonic hearing, the Court granted Petitioner's application for a temporary restraining order. *Ferreyra v. Decker*, No. 20 Civ. 3170, 2020 WL 1989417, at *13 (S.D.N.Y. Apr. 27, 2020).

The Court found that Petitioner was likely to succeed on his constitutional due process claims and establish irreparable harm, because his underlying condition of asthma put him at particular risk for serious illness or death, and because the measures taken by ICE and the Bergen County Correctional Facility (the "Bergen County Jail"), where Petitioner was held, were not sufficient to adequately protect his health. *Id.* at *1, 5–8; *see also Ferreyra v. Decker*, No. 20 Civ. 3170, 2020 WL 2612199, at *13 (S.D.N.Y. May 22, 2020), *appeal filed*, 20-2293 (2d Cir. July 21, 2020) (converting TRO into preliminary injunction). The Court made similar findings with regard to ICE detainees at other jails in the New York area, including the Orange County

Correctional Facility (the "Orange County Jail"). *Id.* The Court ordered Petitioner's release, and restrained Respondent from arresting him for civil immigration detention purposes unless Respondent first obtained the Court's permission. *Id.*

Petitioner was released subject to specific conditions, including the requirement that he not "commit a federal, state, or local crime." ECF No. 17. On July 27, 2020, the New York City Police Department notified ICE that Petitioner Villiers was arrested on charges relating to a domestic dispute that took place on July 19, 2020. Resp. Letter at 1, ECF No. 31. Petitioner was arraigned before the Kings County Criminal Court, which set bail in the amount of a $25,000 bond or $1,200 cash, and adjourned the matter to October 22, 2020. Pet. Letter at 1, ECF No. 33. On July 28, 2020, Respondent requested that the Court modify or vacate its order enjoining Respondent from re-detaining Petitioner, due to his "non-compliance with the Court's conditions." Resp. Letter at 1. ICE intends to detain Petitioner at the Orange County Jail. *Id.* at 2 n.3. On July 29, 2020, Petitioner posted bail and was released from criminal custody. Pet. Letter at 2.

Respondent's request is DENIED. First, Respondent has not presented evidence that Petitioner has violated the conditions of release set by the Court. That Petitioner was arrested is not proof that Petitioner has "committed" a crime. Nor would it be appropriate for the Court to predetermine that issue—the proper venue for determining whether Respondent has broken the law is the New York state court where his charges are currently pending. The presumption of innocence remains with a Defendant unless and until he is found guilty of a crime.

Moreover, this Court found that because Petitioner suffers from asthma, he faces the risk of severe, and quite possibly fatal, complications from a COVID-19 infection in immigration detention. *Ferreyra*, , 2020 WL 2612199, at *6. Although Respondent notes that Petitioner's

habeas claim concerned his detention at the Bergen County Jail, the Court found in the same order that granted Petitioner's release that the conditions of confinement at the Orange County Jail also created an unacceptable risk to detainees of being infected with COVID-19.  *Id.* at *4–5, 12.  The Court explicitly found that the Orange County Jail had not put into place an adequate action plan to identify, protect, and treat detainees who are at a heightened risk of contracting or suffering grave complications from COVID-19.  *Id.* at *8.  Neither the Bergen nor Orange County Jails provided any information on specialized procedures that take account of the elevated risk of serious illness or death that detainees like Petitioner face.  *Id.*.  The August 4, 2020 declaration of Captain Lawrence Catletti, submitted in support of Respondent's request, shows that the Orange County Jail continues to lack specialized procedures for caring for individuals who are at a heightened risk of contracting or suffering grave complications from COVID-19.  *See generally* Catletti Decl., ECF No. 34-2.

Moreover, the Orange County Jail has begun to relax many of the measures it initially took to improve health and sanitation in light of the COVID-19 pandemic.  *Compare Ferreyra*, 2020 WL 2612199, at *8 (acknowledging that Orange County Jail suspended all ICE detainee intake and social visitation) *with* Catletti Decl. ¶ 9(a), (c) (noting that ICE detainee intake resumed on May 27, 2020 and limited social visitation also resumed on June 11, 2020).  Finally, although Catletti's previous declaration, dated April 3, 2020, noted that only one Orange County Jail corrections officer had tested positive for COVID-19, ECF No. 18-12 ¶ 9(l), Catletti's August 3 declaration states that eight Orange County Jail corrections officers have tested positive for COVID-19, Catletti Decl. ¶ 9(n).  Although it is encouraging that each of these officers has recovered and returned to work, *see id.*, the fact that eight corrections officers have tested

positive further demonstrates that there is a risk that COVID-19 infection may arise at the Orange County Jail.

The Court remains unpersuaded that the Orange County Jail is suitable for someone who suffers from a condition that places him at greater risk of suffering complications from COVID-19. And the Court continues to hold that the best, and perhaps only, way to protect Petitioner is to prevent him from being infected in the first place. *Ferreyra*, 2020 WL 2612199, at *9. Accordingly, Respondent's request that the Court modify or vacate its order enjoining Respondent from re-detaining Petitioner is DENIED.

SO ORDERED.

Dated: August 7, 2020
New York, New York

_____
ANALISA TORRES
United States District Judge