```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
HENRY FERREYRA, JEFFERSON DENIZARD,
ANGEL PERDOMO PERDOMO, ROLANDO
OSHANE VILLIERS, REMIGIO TAPIA VILCHIS,

                              Petitioners,

      -against-

THOMAS DECKER, in his official capacity as Director
of the New York Field Office of U.S. Immigration and
Customs Enforcement,

                             Respondent.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _6/28/2023_

20 Civ. 3170 (AT)

**ORDER**

ANALISA TORRES, District Judge:

        On May 22, 2020, the Court issued a preliminary injunction requiring U.S. Immigration and Customs Enforcement ("ICE") to release Petitioner Rolando Oshane Villiers and three other petitioners (the "Petitioners") from detention due to risks posed by COVID-19, and restraining Respondent, Thomas Decker, in his capacity as Director of the New York Field Office of ICE, from arresting Petitioners for civil immigration detention purposes without first obtaining the Court's permission. Injunction at 1–2, 28, ECF No. 24. On July 29, 2022, Respondent filed a letter requesting that the Court modify or vacate the portion of the injunction enjoining Respondent from arresting and re-detaining Villiers "due to his non-compliance with the Court's conditions—specifically the condition requiring that [] Villiers 'not commit a federal, state, or local crime.'" Mot. at 1, ECF No. 56 (citing ECF No. 17). For the reasons stated below, Respondent's motion is DENIED without prejudice to renewal.

## BACKGROUND

        The Court presumes familiarity with the facts of this case as set forth in prior orders. *See* Injunction at 2–3; *Villiers v. Decker*, 31 F.4th 825, 827–30 (2d Cir. 2022).

On November 26, 2019, Villiers pleaded guilty to assault in the second degree and was sentenced to 364 days' imprisonment. ECF No. 35-2. The same day, an order of protection was entered against him requiring him to stay away from his ex-girlfriend. ECF No. 35-1; Mot. at 2. Villiers was then detained by ICE at the Bergen County Correctional Facility in connection with pending removal proceedings. Mot. at 2; Injunction at 2. Villiers suffers from asthma, which places him at risk of serious injury or death if exposed to COVID-19. Injunction at 2–3. On April 27, 2020, the Court ordered Villiers' release, along with three other petitioners, pursuant to a temporary restraining order ("TRO"). ECF No. 17; *see also* ECF Nos. 10, 14–16. On May 22, 2020, the Court converted the TRO to a preliminary injunction. *See* Injunction.

On July 27, August 11, September 22, and November 22, 2020, and January 16, 2021, Villiers was arrested by the New York City Police Department ("NYPD") for assaulting his ex-girlfriend. 2020 Arrest Rep., ECF No. 31-1; Opp. at 1, ECF No. 66; ECF Nos. 56-3–56-5, 56-10. On December 18, 2020, Villiers was arrested for assaulting a different woman. ECF No. 56-7. The charges against Villiers for the incidents from July 27, 2020, through January 16, 2021, were dismissed in April 2022. ECF Nos. 51-1–51-2; Opp. at 1.

On June 6, 2022, Villiers was again arrested by the NYPD and charged with attempted murder, assault in the second degree, criminal possession of a weapon, obstruction of governmental justice, and harassment. 2022 Arrest Report, ECF No. 56-1; Opp. at 2. The alleged victim is Villiers' ex-girlfriend. 2022 Arrest Report at 1. Villiers has been in state custody since June 8, 2022. Opp. at 2, 5. On October 6, 2022, Villiers' pending immigration case was administratively closed because Villiers remains in state custody. *Id.* at 2.

## DISCUSSION

I. <u>Legal Standard</u>

A preliminary injunction sought against government action taken pursuant to a statute or regulatory scheme requires that "the moving party . . . demonstrate (1) irreparable harm absent injunctive relief, (2) a likelihood of success on the merits, and (3) public interest weighing in favor of granting the injunction." *Friends of the E. Hampton Airport, Inc. v. Town of E. Hampton*, 841 F.3d 133, 143 (2d Cir. 2016). "A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (internal quotation marks and citation omitted).

When considering a motion to modify a preliminary injunction, a trial court exercises "the same discretion it exercised in granting . . . injunctive relief in the first place." *Sierra Club v. U.S. Army Corps of Eng'rs*, 732 F.2d 253, 256 (2d Cir. 1984). The court should consider "whether the requested modification effectuates or thwarts the purpose behind the injunction." *Id.* at 257 (citing *Chrysler Corp. v. United States*, 316 U.S. 556, 562 (1942)); *see also New Falls Corp. v. Soni Holdings, LLC*, No. 21 Civ. 865, 2022 WL 2720517, at *2 (2d Cir. July 14, 2022) (summary order). Where a modification is requested due to an alleged violation of the "do-not-commit-a-crime condition" of a preliminary injunction, the court must determine whether it is more likely than not that the condition was violated. *Villiers*, 31 F.4th at 834, 837.

II. <u>Analysis</u>

The Court previously found that Villiers showed irreparable harm by establishing the risk of injury to his health and constitutional rights. Injunction at 8 (citing *Barbecho v. Decker*, No. 20 Civ. 2821, 2020 WL 1876328, at *6 (S.D.N.Y. Apr. 15, 2020)). Specifically, the Court found

3

that individuals in detention facilities are at significantly higher risk of infection with COVID-19 and significantly higher risk of harm, including serious illness or death, if they are infected while detained, as compared to the surrounding community. Injunction at 8–10. The Court also found that Villiers' underlying health condition increased his risk of severe medical complications or death were he to contract COVID-19. *Id.* at 11–13. The Court found that Petitioners were likely to succeed on the merits of their substantive due process claim because Respondent did not have an adequate action plan to protect detainees at heightened risk of grave health complications, and several jails, including Bergen County Correctional Facility, did not have adequate procedures for protecting detainees like Petitioners. *Id.* at 16–25. Finally, the Court found that the equities and the public interest weighed in favor of Petitioners because Respondent did not identify a specific danger to the public or risk of flight that would justify Petitioners' confinement in dangerous conditions, and reducing the ICE detention population would reduce the death toll, which is in the public interest. *Id.* at 26.

Respondent has provided substantial evidence that Villiers stabbed his ex-girlfriend on June 6, 2022, Reply at 3 (citing the 911 call recording, arrest report, domestic incident report, photographs, medical records, recordings of calls between Villiers and his ex-girlfriend), ECF No. 69, and that Villiers' conduct is part of a pattern of domestic violence, Mot. at 2–3. The Court concludes that it is more likely than not that Villiers violated the condition of the preliminary injunction requiring that he not commit a crime. However, this does not end the Court's inquiry. *Villiers*, 31 F.4th at 837. The Court must determine what remedy is appropriate to address the violation. *Id.*

Villiers' violation is evidence of the risk of danger to the community posed by his release, which goes to the third factor in assessing the propriety of a preliminary injunction—the

balance of equities and public interest. *See Friends of the E. Hampton Airport*, 841 F.3d at 143. But, Villiers is currently in state custody, and, therefore, does not pose a threat to the community at this time. Opp. at 2.

Moreover, a "showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction," and Respondent has not provided evidence showing that there is no longer a risk of irreparable harm to Villiers. *Faiveley Transp. Malmo AB*, 559 F.3d at 118 (internal quotation marks and citation omitted). Respondent contends that "the health-related concerns that gave rise to the Court's preliminary injunction have been mitigated since the Court granted a preliminary injunction . . . [because] the world has developed new COVID-19 mitigation strategies in addition to COVID-19 vaccines and therapeutics." Reply at 4. The technologies and strategies available to "the world" are not at issue; rather, the Court must consider the conditions that Villiers will face were he to be re-detained. Respondent argues that courts in this district have recognized that ICE detention facilities in the New York area have improved with regard to procedures for addressing COVID-19. *Id.* However, Respondent has not provided any evidence that Villiers has been vaccinated or that he will be permitted to retain his inhaler in detention, *see* Injunction at 3, and Respondent has not identified the facility in which Villiers will be detained, Mot. at 3 n.2. Thus, the Court cannot conclude that the facility in which Villiers would be detained has implemented appropriate procedures for mitigating the risk of serious illness. *See* Injunction at 16–25.

Considering all factors relevant to whether a preliminary injunction is appropriate, *see Friends of the E. Hampton Airport*, 841 F.3d at 143, the Court cannot conclude that modification of the preliminary injunction to allow Respondent to re-detain Villiers is appropriate at this time. Respondent's motion is DENIED without prejudice to renewal.

**CONCLUSION**

Respondent's motion for modification of the preliminary injunction to allow re-detention of Petitioner Villiers is DENIED without prejudice to renewal.

SO ORDERED.

Dated: June 28, 2023
       New York, New York

_____
ANALISA TORRES
United States District Judge